FRANK B. SHELDON, RECEIVER, APPELLANT, V. JAMES D. RUSSELL ET AL., APPELLEES.

FILED DECEMBER 9, 1897.    No. 7625.

Fraudulent Conveyances: EVIDENCE: LIENS ON INSURANCE POLICY: REVIEW. The record examined, and *held* that the findings made and the decree rendered are the only ones that could have properly been made and rendered under the evidence in the case.

APPEAL from the district court of Nemaha county. Heard below before BABCOCK, J.  *Affirmed.*

*W. H. Kelligar, F. B. Sheldon,* and *E. O. Kretsinger,* for appellant.

*T. Appelget, G. B. Beveridge, A. W. Field,* and *E. P. Brown, contra.*

RAGAN, C.

Frank B. Sheldon, as receiver of the State Bank of Johnson, Nebraska, brought this suit in equity in the district court of Nemaha county alleging in his petition, in substance, that Russell & Holmes, copartners, were indebted to the bank of which he was receiver; that said indebtedness had been reduced to judgment, execution issued and return unsatisfied; that the judgment remained wholly unpaid, and that Both Russell and Holmes were insolvent.  The petition then alleged that on a certain date Russell & Holmes became the owners of a paid-up life insurance policy for $5,000, which had been issued to one Hickman, and at the same time became the owners

of certain promissory notes of said Hickman, calling for a large sum of money; that these notes and this insurance policy were assets of the said copartnership of Russell & Holmes. The petition then alleged that Russell & Holmes, or one of them, wrongfully converted the Hickman insurance policy and notes to his own use and had made a pretended assignment of them to the Farmers & Merchants National Bank of Auburn, Nebraska, and that subsequently said Russell & Holmes, or one of them, had fraudulently assigned said Hickman notes and insurance policy to the First National Bank of Lincoln, Nebraska. The petition contained the usual allegations that these assignments to the banks were fraudulent and made for the purpose of defrauding the creditors of Russell & Holmes and prayed that the assignment might be set aside, and that the said insurance policy and the notes might be decreed assets of the firm of Russell & Holmes, sold, and the proceeds applied to the payment of the receiver's judgment against them. Both said banks and Hickman appeared and answered this petition, and from the decree rendered by the district court the receiver has appealed.

The district court found that Hickman was largely indebted at one time to Russell & Holmes, as an evidence of which he executed to them the notes mentioned by the receiver in his petition, and to secure the payment of these notes he assigned them the insurance policy in controversy; that Russell & Holmes subsequently became largely indebted to the Bank of Auburn, as evidence of which they executed to said bank their notes, and to secure their payment Russell & Holmes assigned to that bank the Hickman notes, together with the insurance policy which secured their payment; and that Russell & Holmes were also largely indebted to the First National Bank of Lincoln, and to secure the payment of that debt they made another assignment of this insurance policy. From these findings the court decreed that Hickman had the legal title to the insurance

policy, but that the Bank of Auburn had a first lien thereon to secure the debt of Russell & Holmes to it; that the First National Bank of Lincoln had a second lien upon the insurance policy to secure what Russell & Holmes owed it, and that the receiver was entitled to the equities of Hickman in the insurance policy. These findings and this decree are the only ones that could have properly been rendered under the evidence in the record. The decree of the district court is

AFFIRMED.